FILED
 2007 Dec-18  PM 12:51
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CARMIN M. GATES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CV-05-BE-2340-NE |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I. Introduction

Claimant brings this action pursuant to the provisions of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final adverse decision by the Commissioner of the Social Security Administration denying her application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits. (R. 5, 6-7, 14, 23). Claimant protectively filed an application for SSDI benefits on October 24, 2003 claiming a disability onset date of July, 05, 2003. (R. 43). On October 29, 2003, she filed an application for SSI payments claiming a disability onset date of May 2, 1999. (R. 414). Her applications were denied initially. (R. 27, 419). Claimant filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (R. 32). Claimant appeared and testified at a hearing held by the ALJ on May 3, 2005 in Huntsville, Alabama. (R. 35, 424-455). In a decision dated June 20, 2005, the ALJ found that Claimant was not disabled within the meaning of the

Social Security Act and, therefore, was not entitled to a period of disability, Social Security Disability Insurance benefits, or Supplemental Security Income payments. (R. 23). That denial became the final decision of the Commissioner of the Social Security Administration when, on September 23, 2005, the Appeals Council refused Claimant's request for review. (R. 5). Claimant has timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of 42 U.S.C. §§ 405(g) and 1631(c)(3). Based on the court's review of the record and the parties' briefs, the court concludes that the decision of the Commissioner should be AFFIRMED.

## II.  Discussion

At the time of the administrative hearing, Claimant was a 28-year-old woman with the equivalent of a high school education, having obtained her GED. (R. 15). According to Claimant, she became unable to work on July 5, 2003 due to chronic depression; forgetfulness; thyroid problems; severe back pain; severe swelling of her legs, feet, and knees; a history of abdominal pain; a history of endometriosis; increased heart rate with strenuous activity; a history of frequent migraines; and chronic pain in her knees. *Id.*

The ALJ carefully followed each step of the five-step sequential evaluation process for determining whether Claimant is "disabled" under the Social Security Act.[1] (R. 15-21). The ALJ found that Claimant did not engage in substantial gainful activity since the alleged onset of disability. (R.16). Then, after a thorough evaluation of Claimant's medical records, he determined that Claimant has medically determinable impairments characterized as "severe" under the Regulations; however, these impairments do not meet or medically equal, either singly

---

[1] *See* 20 C.F.R. §§ 404.1520 and 416.920.

or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (R. 17).

Further, the ALJ "consider[ed] all [Claimant's] symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. §§ 404.1545 and 416.929, and Social Security Ruling 96-7p." *Id*. In doing so, the ALJ carefully reviewed Claimant's subjective complaints using the Eleventh Circuit Court of Appeals' three-part pain standard; he found Claimant's allegations regarding her limitations not totally credible and unsupported by the medical evidence. (R. 19, 22).

In light of the contradictory nature of Claimant's medical records and reported daily activities relative to her subjective complaints, the ALJ found that Claimant retains the residual functional capacity to perform a light level of exertion though Claimant cannot be on her feet more than three hours in an eight hour day. (R. 20) He further found that Claimant has only moderate mental limitations. *Id*. Additionally, the vocational expert testified that Claimant could perform her past relevant work as a receptionist because that vocation does not require the performance of work-related activities precluded by her residual functional capacity. (R. 20-21). She further testified that Claimant has transferrable skills and is able to perform other jobs found in significant numbers in the national economy. (R. 20-21). Finally, the ALJ concluded that because Claimant retains the residual functional capacity to perform a significant range of light and sedentary work, Claimant is not under "disability" as defined in the Social Security Act at any time through the date of his decision. (R. 22-23).

Claimant argues that the ALJ failed to properly apply the three-part pain standard as set

forth by the Eleventh Circuit, incorrectly discounted Claimant's testimony concerning her pain and functional restrictions, and failed to give sufficient weight to the psychological evaluations of Drs. Storjohann and Smith. (Claimant's Brief at 1-2). However, this court does not agree.

As Claimant's testimony about pain and other subjective symptoms will not alone establish disability, this court finds that the ALJ painstakingly examined Claimant's medical and treatment records, as well as her testimony, and presented a proper application of the Eleventh Circuit pain standard before concluding that, although evidence reveals an underlying medical condition, no objective clinical evidence exists of any condition(s), singly or in combination, that could reasonably result in the level of pain or other symptoms that Claimant alleges prevent her from working. (R. 17-18); *see Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Limited only by his obligation to place on the record explicit and adequate reasons for discounting Claimant's testimony, the ALJ has the discretion to determine whether Claimant's testimony, against the backdrop of the entire record, is fully credible. *See Holt*, 921 F.2d at 1223; *see also Landry*, 782 F.2d at 1554 (the fact finder is in the best position to choose between conflicting evidence). After reviewing the administrative record, this court is satisfied that the ALJ's credibility finding is based on a consideration of the full medical record that is explicitly detailed in his evaluation of the evidence and supported by substantial evidence. *See* SSR 96-7p.[2]

---

[2] This Social Security Ruling clarifies the evaluation of symptoms, including pain, under 20 C.F.R. §§ 404.1529 and 416.929 (Title II and Title XVI claims) and emphasizes that in determining the credibility of the individual's statements, the adjudicator must consider the entire case record. SSR 96-7p.

Finally, the ALJ has a similar discretion when determining the weight to afford medical opinions, although he must clearly articulate and base his decision on substantial medical evidence. *See Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)(the ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion").  Although a *treating* physician's opinion is entitled to substantial weight absent good cause shown, the *consulting* psychologists, Drs. Storjohann and Smith, each saw Claimant on only one occasion and, therefore, are not treating physicians. *See McSwain v. Bowen*, 814 F.2d 617 (11th Cir. 1987); *see also Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1991)(the ALJ is permitted to accord less weight to non-medical doctors than to medical doctors).  Again, this court is satisfied that the ALJ expressed with particularity the weight he attributed to each doctor's opinion and the reasons therefor. *See Sharfaz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  Further, this court is satisfied that substantial evidence supports the ALJ's findings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining 1) whether substantial evidence in the record as a whole supports the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached."

5

*Lamb*, 847 F.2d at 701(quoting *Bridges v. Bowen*, 815 F.2d 629, 634 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

Given the lack of objective evidence of the limitations Claimant alleges, this court cannot find that the decision of the ALJ was against the substantial weight of the evidence. This court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standards. Without substituting its judgment for that of the Commissioner, this court can find no basis upon which to reverse the decision of the Administrative Law Judge. *See Bloodsworth*, 703 F.2d at 1239. Accordingly, this court will affirm the decision of the Commissioner of the Social Security Administration.

DONE and ORDERED this 18th day of December 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE